UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADELSO ROMEO BRAVO PEREZ,

                        Petitioner,                9:26-cv-205
                                                                                (ECC)

v.

PAMELA BONDI, in her official capacity as U.S. Attorney General; PHILIP RHONEY, in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TAMMY MARICH, in her official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, in her official capacity as Secretary of Homeland Security,

                        Respondents.

---

Matthew K. Borowski, Esq., *for Petitioner*
Emer M. Stack, Assistant United States Attorney, *for Respondents*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**ORDER**

      Petitioner Adelso Romeo Bravo Perez (Perez), a citizen of Guatemala, entered the United States without inspection in 2006 or 2007. Dkt. No. 1 (Pet.) ¶ 2. On August 18, 2023, he filed an application for asylum and was issued a work permit. *Id.* at ¶ 5. At a hearing on February 13, 2026, counsel for Perez represented that the asylum application is still pending. On February 10, 2026, Perez was taken into custody after a traffic stop. *Id.* at ¶ 6. On the same day, while detained at the ICE Enforcement and Removal Operations Sub Office in Mattydale, New York, Perez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at ¶¶ 7, 14, 18, 20.

Petitioner seeks immediate release, or in the alternative, a bond hearing, and attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412. *Id.* at 17-18.

On February 10, 2026, the Court ordered that Respondents are enjoined from moving Petitioner outside the jurisdiction of the Northern and Western Districts of New York until the civil action is resolved. Dkt. No. 5. This injunction remains in effect and shall remain in effect following this Order.

After considering briefing from all the parties, Dkt. Nos. 1, 3, 6-9, and arguments made during a hearing on February 13, 2026, the Court finds that "§ 1226(a) governs Petitioner's detention, not—as Respondents argue—§ 1225(b)(2)(A), and that Petitioner therefore 'may only be subject to detention as a matter of discretion.'" *Gaspar v. Akshar et al,* 9:26-cv-118 (BKS), Dkt. No. 13 at 12. As a result, the Petition is granted solely to the extent that the Court orders Respondents to afford Petitioner an individualized bond hearing before an immigration judge within 10 days of the date of this order. A written decision providing more detailed reasons and addressing Petitioner's request for EAJA fees and costs will be issued in due course.

For these reasons, it is

**ORDERED** that the Petition for a writ of habeas corpus, Dkt. No. 1, is **GRANTED** solely to the extent that the Court orders Respondents to afford Petitioner an individualized bond hearing before an immigration judge within 10 days of the date of this decision and order; and it is further

**ORDERED** that pending the issuance of any final removal order against Petitioner Adelso Romeo Bravo Perez, Respondents are enjoined from denying him bond on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), absent a change in relevant circumstances.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Elizabeth C. Coombe
U.S. District Judge